IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEBRA CATRON, | ) |
|     Plaintiff, | ) |
| v. | )    No. 04-0400-CV-W-FJG |
| | ) |
| TRUMAN MEDICAL CENTER, INC., et al., | ) |
|     Defendants. | ) |

## ORDER

Pending before the Court are (1) Defendants' Motion to Dismiss for Failure to Comply with Discovery (Doc. No. 22); and (2) Defendants' Motion to Dismiss for Failure to File a Designation of Discriminatory Incidents (Doc. No. 24). Each will be considered below.

**I.　Background**

This case involves claims of sexual harassment in the workplace. Plaintiff alleges that defendant Townsend (her supervisor during her last year of employment at defendant TMC) raped her and otherwise sexually assaulted her.

Plaintiff brings claims for (1) violation of Title VII for sexual harassment against TMC; (2) violation of the Missouri Human Rights act for sexual harassment and discrimination against TMC; and (3) assault and battery against defendant Townsend.

**II.　Motion to Dismiss for Failure to Comply with Discovery (Doc. No. 22)**

First, defendants move to dismiss because plaintiff has failed to comply with discovery by (1) failing to provide responses to interrogatories propounded by defendant Townsend; (2) failing to produce notes plaintiff allegedly wrote contemporaneously to the events alleged in plaintiff's complaint in response to defendant TMC's request for production of documents; and (3) providing testimony under oath that was false and misleading.[1] See Doc. No. 22. Defendants state that the district court may impose

---

[1]Plaintiff's allegedly false and misleading responses to discovery are detailed at pp. 8-10 of Doc. No. 23. Plaintiff, in her response brief, does not challenge defendants'

sanctions for misconduct in discovery. See Martin v. Daimler Chrylsler Corp., 251 F.3d 691, 694 (8th Cir. 2001)).

Defendants also assert that they have complied with local rule 37.1 in that on October 14, 2004, the Court held a teleconference with defendants and plaintiff concerning plaintiff's lack of response to Townsend's interrogatories and TMC's requests for production of documents. Plaintiff's counsel represented during that teleconference that responses would be completed by October 22, 2004. Defendants represent that plaintiff finally responded to the interrogatories and request for production on October 27, 2004, one day before plaintiff's deposition was scheduled. Defendants state that these responses were incomplete and misleading, and on October 28, 2004, discussed same with plaintiff's counsel who assured defendants' counsels that plaintiff would supplement her responses. On November 11, 19, and 23, defendants' counsels again requested supplementation of plaintiff's responses; however, plaintiff has still not produced the requested material. Discovery closed on April 15, 2005, and in the scheduling order allowing plaintiff an extension of time to complete discovery (Doc. No. 21), the Court indicated that no future extension of this or any other deadline would be granted.

Defendants state that plaintiff's failure to cooperate in discovery has been prejudicial to their case. Defendants claim that they were unable to conduct any investigation into the veracity of plaintiff's claims because she either (a) belatedly-disclosed or (b) refused to provide the requested information. Defendants also note, that, in addition to the above, plaintiff has failed to disclose the names of physicians providing her treatment over the past ten years, and has failed to identify any expert witnesses or physicians that provided treatment to plaintiff generally or related to past sexual abuse (keeping defendants from

---

characterization of her responses as misleading and/or false. Nor has plaintiff corrected or amended her responses to written discovery. It is the Court's opinion that the inconsistencies between plaintiff's deposition testimony and her responses to written discovery support defendants' contention that her responses are false and misleading.

2

determining what portion, if any, of plaintiff's emotional distress damages were attributable to defendants' alleged acts). Defendants also note that plaintiff did not conduct any discovery in this matter and did not supplement any of her responses to defendants' written discovery. Defendants state that plaintiff's conduct has prejudiced defendants' ability to conduct discovery, to test the credibility of plaintiff, to test the veracity of plaintiff's allegations, and to be able to fairly and fully prepare for a trial on the merits.

Plaintiff responds that defendants' motion is a discovery motion, filed pursuant to rule 37, and was filed after the close of discovery. The scheduling order provides that April 15, 2005, is the deadline for filing all discovery motions. Therefore, plaintiff argues the motion to dismiss should be summarily denied. Plaintiff also argues that this motion should be summarily denied because defendants failed to comply with the requirements of local rule 37.1 in that defendants did not schedule a telephone conference with the Court in November 2004 or thereafter to discuss the allegedly overdue, incomplete, inaccurate, or untimely discovery responses. Plaintiff makes no attempt to explain her failure to cooperate in discovery, nor does she ask for an extension of time to provide responses to defendants' requests.

Defendants reply, and this Court agrees, that they complied with the deadlines in the Court's scheduling order because this motion to dismiss falls into the "other motions" category, and the deadline in the Court's scheduling order for filing "other motions" was May 16, 2005. Additionally, the Court agrees that defendants complied with Local Rule 37.1 in that they made numerous attempts to follow-up with plaintiff after the October 14, 2004, teleconference with the Court, but those attempts resulted in only incomplete and misleading responses to written discovery. Defendants also reiterate that they have had to initiate all discovery and follow-up discovery, and note that plaintiff engaged in no discovery. Defendants state that they have been further prejudiced because plaintiff's deposition is still open although discovery has now closed. Finally, defendants note that

3

plaintiff's allegations are very serious and have already caused severe damage to defendants, and their ability to defend themselves has been hampered by plaintiff's lack of cooperation.

The Court concludes that dismissal is appropriate under these circumstances. Defendants have produced clear and convincing evidence[2] that plaintiff has engaged in discovery misconduct, and given that discovery has now closed, no lesser sanction would sufficiently punish and deter plaintiff's conduct while allowing a full and fair trial on the merits.  See Martin, 251 F.3d at 694-95.  Therefore, defendants' motion to dismiss for failure to comply with discovery (Doc. No. 22) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE.**

### III. Motion to Dismiss for Failure to File a Designation of Discriminatory Incidents (Doc. No. 24)

In the alternative, defendants move to dismiss because plaintiff failed to file a designation of discriminatory incidents.  The Court finds this alternative basis for dismissal to be persuasive, and grants defendants' motion to dismiss on this basis as well. Defendants note that this case involves claims of discrimination, and that the Court's scheduling and trial order (Doc. No. 11), provided that a designation of discriminatory incidents should be filed no later than January 15, 2005.  As stated in the scheduling and trial order, the designation should include (1) a brief description of the incident or happening; (2) the date and place thereof; and (3) the identity of the persons involved. Plaintiff did not file a designation of discriminatory incidents.  Counts I and II of the complaint fall within the disclosure requirements of the Court's Order.  Defendants note that the amended scheduling and trial order (Doc. No. 21) provides that no further extension of this or any other deadline will be granted.  Defendants state that because discovery is now closed and plaintiff made no designation of discriminatory incidents, her claims should be

---

[2]See Doc. No. 23 and exhibits attached thereto.  Notably, this evidence is not rebutted by plaintiff.

dismissed.

Plaintiff responds that her counsel inadvertently overlooked the Court's requirement for filing a serving designations of discriminatory incidents. She requests leave of Court to file those out of time. Plaintiff, in the alternative, requests that the Court treat her complaint as sufficient to set forth the incidents of discrimination and "that any matter not set forth in the Complaint not be permitted to be offered at trial with respect to her claims in Counts 1 and 2 of her Complaint." Finally, plaintiff proposes that if her discrimination claims are dismissed for failure to file a designation of discriminatory incidents, her state law claims of assault and battery should be allowed to proceed.

Defendants reply that the disclosure requirement (which, in the original scheduling and trial order, was mandated 60 days before the close of discovery), gives defendants needed insight into what discriminatory incidents plaintiff intends to rely on at trial. If plaintiff had met her obligation, defendants argue that they could have engaged in further discovery tailored to the incidents plaintiff intended to allege at trial. Defendants state that filing the disclosures out of time should not be allowed since discovery is now closed. Defendants suggest that since plaintiff has not disclosed any incidents of discrimination, she has no case to present.

The Court has considered the parties' arguments. First, the Court notes that plaintiff's request for leave to file a designation of discriminatory incidents comes too late; discovery has closed, and trial is set for November 7, 2005. With respect to plaintiff's request that the Court treat her complaint as sufficiently setting forth the incidents of discrimination, the Court notes that plaintiff's complaint lacks specificity as to dates and places and therefore cannot be considered a replacement for the filing of a designation of discriminatory incidents as mandated by the Court's scheduling and trial order. The Court agrees with defendants that plaintiff has no case to present on Counts I and II, given that she failed to supply designations of discriminatory incidents in violation of the Court's scheduling and trial order (Doc. No. 11). Finally, with respect to plaintiff's claims against defendant Townsend in Count III of her complaint, even if those claims were not subject

to dismissal for discovery abuses as detailed in section II, above, the Court would decline to exercise its supplemental jurisdiction to hear plaintiff's state law claims given that the federal claims have been dismissed. Therefore, defendants' motion to dismiss for failure to file a designation of discriminatory incidents (Doc. No. 24) is **GRANTED.**

All remaining pending motions are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

                                          /s/Fernando J. Gaitan, Jr.
                                          Fernando J. Gaitan, Jr.
                                          United States District Judge

Dated: June 8, 2005
Kansas City, Missouri